UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENARD BROOKS, JR.,<br><br>        Petitioner,<br><br>   v.<br><br>MARTIN BIDER,<br><br>        Respondent. | No. 1:21-cv-01443-NONE-SKO (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING THE CLERK OF COURT TO ASSIGN DISTRICT JUDGE FOR PURPOSE OF CLOSING CASE AND THEN TO CLOSE CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY</u><br><br>(Doc. No. 8) |

      Petitioner Renard Brooks, Jr., is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On October 1, 2021, the assigned magistrate judge issued findings and recommendations to dismiss the petition as an unauthorized second or successive petition. (Doc. No. 8.) Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within thirty (30) days after service. On October 12, 2021, petitioner filed objections to the findings and recommendations. (Doc. No. 9.)

/////

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the magistrate judge's analysis. Among other things, the findings and recommendations correctly point out that it is the Ninth Circuit, not this court, that must evaluate whether a second or successive petition meets the requirements of 28 U.S.C. § 2244(b)(2)(A)–(B) and be authorized. The Ninth Circuit has not done so in this case.

In addition, the court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003); see also 28 U.S.C. § 2253. If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on October 1, 2021, (Doc. No. 8), are adopted in full;

2. The pending petition for writ of habeas corpus is dismissed;

/////

3. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case; and

4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **October 19, 2021**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE